Hawkins *v.* Beaulieu.

4-8598                                    213 S. W. 2d 353

Opinion delivered July 5, 1948.

Rehearing denied October 4, 1948.

*Claude Duty,* for appellant.

*John W. Nance,* for appellee.

Smith, J. The parties to this litigation own the two units of a two-story building covering two lots each 25 feet wide, in the City of Rogers. This building was erected as a single building, with a party wall from the west to the east end thereof. Appellants own the north half of the unit and appellee is the owner of the south half. The building is on a corner lot fronting First Street, and was without access from that street to the

second story of the building. There was a back stairway, leading from the side street to the second story. First Street is east of the building and Poplar Street is the side street on the south side of the building. There was a back stairway leading from Poplar Street to the upper floor, but no stairway from First Street. The back stairway was on the west end of the south half of the building, leading from Poplar, the side street, and it was the only means of access to the upper floor. There were no toilet facilities in the building.

On Nov. 4, 1912, the then owners of the building entered into an agreement which was duly signed and acknowledged, but never recorded, reading as follows:

"This agreement, made this 4th day of November, 1912, between Ben Hatler, party of the first part, and Mrs. S. S. Bailey, party of the second part; Witnesseth: That whereas, the said first party of the first part is the owner in fee of the north half of lot 12, block 11, in the City of Rogers, Arkansas, and the said second party is the owner in fee of south half of the said described lot, each owning the building on their respective lots. And whereas, it has been agreed by and between the said parties; that the said first party will erect and build a stairway not less than three feet and four inches in width, leading from the first floor, in the southeast corner of building owned by him to a landing on the second floor of said building, with an opening on First Street; that he will build a room and toilet and wash basin in the southwest corner of the second floor of said building and connect same with sewer and drain pipes at alley on west of said lot; that he will make an opening in partition wall at landing, at top of stairs into a hall, in building belonging to said second party, in which opening will be placed a door, subject to approval of insurance companies now writing insurance of said building; also a door of the same kind and-material to be built in wall opening from hall to the aforesaid toilet room.

"And it is further agreed that the said second party will pay one-half of the cost of building and making the aforesaid improvements, the same to be paid as soon as

same are completed, and she agrees to pay the further sum of $150 on or before April 1, 1915, providing said improvements are completed by that time, and if not completed by that time to be paid when completed.

"And whereas, in consideration of the above work and payments to be made and performed by the said parties hereto, it is mutually agreed that the parties hereto, each, their heirs and assigns are to have the free use of the stairway, toilet room and hall now on the second floor of the building of the said second party running along the north wall of said building and connecting the landing to head of stairs with the aforesaid toilet room, and the further right to connect both of the lower floors of the building with sewer pipes.

"It is mutually understood that this agreement shall run with the building so long as both buildings shall stand, or may be terminated by mutual agreement of the parties hereto, their heirs and assigns; but that this agreement shall not have the effect, or operation of conveying to the other, his or her heirs or assigns, the fee simple of any part of the ground or land on which the stairway hall, toilet room or drain and sewer pipes shall or now stand, but only to the right to the use and benefit of said described improvements; that the cost of maintenance of the aforesaid improvements shall be shared equally by the parties to this contract.

Ben Hatler.

Sarah S. Bailey.''

Prior to the completion of the proposed improvements Mrs. Bailey sold and conveyed the south half of the property which she owned, to W. E. Kefauver, who assumed the obligation of the contract above recited and was to enjoy its benefits. Hatler made the improvements contemplated and Kefauver made the payments required by the contract, and when the improvements were completed there was a stairway along the south wall of the north half of the building, leading from First Street to a landing where an opening four feet wide in the wall was made. A fireproof door to this opening was built, and through this door access could be had to the south half

of the building. A toilet was installed in the southwest corner of the north half of the building and access to it was provided through a hall by another opening in the partition wall where another fireproof door was installed. Two means of ingress and egress were thus afforded to the second floor of both buildings, and all parties used both facilities.

This continued until October 2, 1916, when Mrs. Hawkins, who had acquired title to the north half, placed a lock on the door to the toilet, whereupon Kefauver filed suit to enjoin her from closing the toilet. The complaint in that case recited the facts above stated and pleaded the easement Kefauver had acquired under the contract above copied. Testimony was taken; that on the part of Mrs. Hawkins being to the effect that she was not a party to the easement contract and that she had acquired title to the north half of the building without knowledge of the easement. Kefauver testified that he had advised Mrs. Hawkins of the existence and terms of the easement contract, but this she denied. A final decree was rendered in that case on January 15, 1918, reading in part as follows:

"It is therefore, by the Court, considered, ordered and decreed that the temporary restraining order heretofore made in this cause by the Hon. W. E. Hill, County Judge of Benton County, Arkansas, be and is hereby made permanent and perpetual and that the defendant, her agents, servants and employees be and are hereby forever enjoined and restrained from interfering with, or in any manner depriving the plaintiff of the use and benefit of the toilet room now situated and installed in the southwest corner of the second floor of the two-story brick building owned and controlled by the defendant, Mrs. Lizzie Hawkins, and being situated on:

"The north ½ of lot (12) twelve in block (11) of the Original Town (now city) of Rogers, Benton county, Arkansas, and it is further ordered and adjudged that the plaintiff do have and recover of and from the defendant the sum of $100 as his damages for the wrongful interference with and deprivation of the plaintiff's use

and benefit of said toilet room and one-half of the costs of this suit be and are hereby adjudged against each of the parties plaintiff and defendant herein, for which let execution issue.

"In the argument of this case the defendant objected to the jurisdiction of the Court to determine plaintiff's right to the easement involved in this suit, which objection was overruled and to all rulings and findings of the Court the defendant objected and excepted and prayed an appeal to the Supreme Court which appeal is granted." No appeal was taken from that decree and it long since became final.

More than three years after the rendition of this decree, Kefauver for a valuable consideration, relinquished his right to use the toilet room. This was done by a written contract reading as follows:

"This certifies that the undersigned has and by these presents does sell, assign and transfer all his right, title and interest in and to a certain toilet room and equipment located on the second floor over the room or building now owned by Mrs. Lizzie Hawkins, same being situated on the north half of lot twelve, in block eleven, in the original town, now city, of Rogers, Arkansas, unto Mrs. Lizzie Hawkins, it being the certain toilet room, etc., now located in the southwest corner of the room on the second floor of the building located on the above described lands which certain toilet room is mentioned in an order of the Chancery Court of Benton county, Arkansas, recorded in Chancery Record No. 1308 at page T-361, Jan. 15, 1918, and this sale is made for a valuable consideration."

It will be observed that neither the decree referred to in the agreement just copied, nor that agreement itself made any reference to the use by Kefauver of the stairway leading up from First Street or the landing at the doorway.

The upper floor of the Kefauver part of the building was subdivided into office rooms and was occupied by tenants, until Kefauver converted the upper floor into a

storeroom for furniture and other merchandise and used the front stairway for moving merchandise to and from the upper floor of his part of the landing. Kefauver finally rented Mrs. Hawkins' half of the building and occupied it as a tenant for a number of years. The stairway leading from First Street was continuously used after it was built in 1913.

Mrs. Hawkins died and her title was inherited by her son and daughter whose tenant Kefauver continued to be for some years, and some time after the termination of this tenancy these heirs of Mrs. Hawkins undertook to close the opening in the partition wall through which access to the south half of the building was obtained, and this would have deprived Beaulieu, who had acquired Kefauver's title to and interest in the building, of the use of the stairway, and this suit was brought to prevent this being done.

This suit was filed by Beaulieu, who had acquired Kefauver's title and interest, against the heirs of Mrs. Hawkins. The complaint recites the facts herein stated, and makes the decree, the pleadings and depositions on which it was rendered, exhibits thereto. This complaint alleged that Beaulieu had an easement in the use of the door landing from the stairway, furnishing ingress and egress to the south half of the building.

The trial court was of the opinion that the decree above copied dated January 15, 1918, was conclusive of the litigation, and upon that theory made permanent a temporary restraining order preventing the Hawkins' heirs from closing the door in the partition wall and this appeal is from that decree.

Mrs. Hawkins' heirs, appellants here, asked permission at the trial from which is this appeal, to introduce testimony to the effect that in rendering the decree of January 15, 1918, the court did not consider, or take into account, the Bailey-Hatler contract above copied. But the court held that the decree was conclusive of the finding that an easement ran with the land and declined to hear this testimony. The correctness of this ruling is the controlling question in the case.

We think the ruling was correct. The pleadings, depositions and decree in that case were all before the Chancellor when he made permanent the temporary restraining order against closing this toilet. To reach that conclusion the court must necessarily have found that an easement running with the land existed. There could have been no other basis for that decree. Appellants' ancestor was a party to that suit, and they took by inheritance only such title and interest in the property as their ancestor owned, which was the fee title to the north half, subject to the existing easement.

While the testimony is conflicting as to whether Mrs. Hawkins had actual notice of the easement, the court was justified in finding in the 1918 decree that she had such constructive notice thereof as to put her upon inquiry when she purchased. The stairs, doors and opening in the wall all must have been observed and they were in use and, as has been said, there was no basis for the 1918 decree except that an easement existed based on the easement contract made an exhibit in that case.

After the 1918 suit, Mrs. Hawkins settled the toilet question by the agreement herein copied, which made no reference to the stairway and opening in the partition wall, which her heirs now seek to close, and she permitted the continued use of the stairway and door leading into the south half.

We conclude that if Mrs. Hawkins did not have actual notice of the easement contract, she did have actual notice, when she purchased, of such facts as must necessarily have apprized her that the stairway and door into the south half were being used under claim of right, any investigation of which would have revealed the easement contract, and the court must have so found in the 1918 decree.

It follows that the decree must be affirmed and it is so ordered.